UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZEV YOURMAN,

                    Plaintiff,

            -against-

METROPOLITAN TRANSPORATION
AUTHORITY, et al.,

                    Defendants.

1:20-CV-0779 (PGG)

**ORDER OF SERVICE**

PAUL G. GARDEPHE, United States District Judge:

This is a pro se Section 1983 case arising out of Plaintiff Zev Yourman's January

29, 2019 arrest at Grand Central Terminal by officers of the Metropolitan Transportation

Authority's Police Department ("MTAPD"). Plaintiff names as defendants the Metropolitan

Transportation Authority ("MTA"); Governor Cuomo; certain MTA officials, including identified

and unidentified members of the MTAPD ("John and Jane Doe Defendants"); the New York

County District Attorney's Office; the New York County District Attorney; multiple New York

County Assistant District Attorneys; and certain federal agencies, including the United States

Department of Transportation, the "Federal Rail Administration," the Federal Transit

Administration, and "Federal Agencies Doe 1-30." The individual defendants are sued in both

their official and individual capacities.

By order dated February 26, 2020, the Court granted Plaintiff's request to proceed

without prepayment of fees, that is, in forma pauperis ("IFP").

The Court construes Plaintiff's claims against the MTA, the New York County

District Attorney's Office, and the individual defendants as brought under 42 U.S.C. § 1983 and

state law.

The Court directs service on the MTA and Defendants Demczuk and Rosario. For the reasons discussed below, the Court also (1) directs the MTA to assist Plaintiff in identifying the John and Jane Doe Defendants, their badge numbers, and their service addresses, and (2) dismisses all claims except Plaintiff's claims against Demczuk, Rosario, and the John and Jane Doe Defendants in their individual capacities, and his claims against the MTA.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

### I.   SOVEREIGN IMMUNITY

The Court must dismiss Plaintiff's claims against the federal agencies named as defendants under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the United States of America and federal agencies, except where sovereign immunity has been waived. United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of

sovereign immunity, unless such immunity is waived."). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment. See 28 U.S.C. § 1346(b)(1). But a plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain his claim. See Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2d Cir. 1999), abrogated on other grounds, United States v. Kwai Fun Wong, 575 U.S. 402 (2015).

Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by (1) filing a claim for damages with the appropriate federal government entity; and (2) obtaining a final written determination. See 28 U.S.C. § 2675(a). If no final written determination is made by the appropriate federal government entity within six months of the date of the claimant's filing, the claimant may bring an FTCA action in a federal district court. See id. This requirement is jurisdictional and cannot be waived. See Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005).

Here, Plaintiff does not allege facts suggesting that he has filed an administrative claim under the FTCA with a federal government entity. Nor does he allege that he received a final written determination from a federal agency before bringing this action, or that it has been more than six months since he filed an administrative claim. Accordingly, Plaintiff's claims against the federal agency defendants will be dismissed pursuant to the doctrine of sovereign immunity.

## II.  ELEVENTH AMENDMENT

The Court must also dismiss Plaintiff's claims under 42 U.S.C. § 1983 against the New York County District Attorney's Office under the doctrine of Eleventh Amendment

immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity. . . ." Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for damages, injunctive relief, and retrospective declaratory relief. See Green v. Mansour, 474 U.S. 64, 72-74 (1985); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." Gollomp, 568 F.3d at 366 (internal quotation marks and citation omitted). Courts have held that an office of a district attorney in New York State is afforded Eleventh Amendment immunity with regard to its decisions to prosecute. See, e.g., Cano v. Cohen, No. 1:18-CV-11550, 2019 WL 4933580, at *2 (S.D.N.Y. Oct. 4, 2019). Courts have also held that such an office is a nonsuable entity. See id.

Congress has not abrogated the States' immunity for claims under Section 1983. See Dube v. State Univ. of N.Y., 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived its immunity to suit in federal court. See Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 40 (2d Cir. 1977).

Here, Plaintiff sues the New York County District Attorney's Office because of its decision to prosecute him. (See Dkt. No. 2 at 7, 18, 26) The Court therefore dismisses Plaintiff's Section 1983 claims against the New York County District Attorney's Office under the doctrine of Eleventh Amendment immunity.[1]

---

[1] The Court also dismisses, for the same reason, Plaintiff's Section 1983 claims against New York County District Attorney Cyrus Vance, New York County Assistant District Attorneys Kathleen Coulson, Julian Shartrano, and Kelly Keating, as well as his Section 1983 claims

## III.   PROSECUTORIAL IMMUNITY

This Court must likewise dismiss Plaintiff's Section 1983 claims against New York County District Attorney Cyrus Vance, New York County Assistant District Attorneys Kathleen Coulson, Julian Shartrano, and Kelly Keating, and any other unidentified New York County Assistant District Attorneys named as defendants, in their individual capacities, arising from their prosecutorial actions against Plaintiff.  Prosecutors are immune from civil suits for damages in their individual capacities for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." Simon v. City of New York, 727 F.3d 167, 171 (2d Cir. 2013) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)) (internal quotation marks omitted); see also Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it") (internal quotation marks and citation omitted).  In addition, prosecutors are absolutely immune from suit for administrative acts that are "directly connected with the conduct of a trial." Van de Kamp v. Goldstein, 555 U.S. 335, 344 (2009).

Plaintiff's Section 1983 claims against these defendants arise from their prosecution of him.  (Dkt. No. 2 at 7, 18, 26)  Therefore, Plaintiff's Section § 1983 claims

---

against any other unidentified New York County Assistant District Attorneys, in their official capacities, arising from the criminal prosecution of Plaintiff.  See Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997).  The Court further dismisses, for the same reason, Plaintiff's Section 1983 claims against Governor Cuomo in his official capacity.  See Morring v. Cuomo, No. 13-CV-2279, 2013 WL 4004933, at *1 (S.D.N.Y. Aug. 5, 2013).

against these defendants in their individual capacities will be dismissed pursuant to the doctrine of prosecutorial immunity.[2]

## IV.    PLAINTIFF'S REMAINING CLAIMS

Plaintiff's remaining claims are against Governor Cuomo in his individual capacity, the MTA, and certain MTA's employees and officers in their official and individual capacities. The MTA is a public benefit corporation created by state law; it can sue and be sued. See N.Y. Pub. Auth. Law §§ 1263(1)(a), 1265(1). Because the MTA is subject to suit, there is no need for Plaintiff to assert claims against MTA employees and officials in their official capacities. Accordingly, any such claim is dismissed. See § 1915(e)(2)(B)(ii); Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985) ("There is no longer a need to bring official-capacity actions against local government officials [because] local government units can be sued directly for damages and injunctive or declaratory relief.").

To state a claim under Section 1983 against a person in their individual capacity, a plaintiff must allege facts showing the person's direct and personal involvement in the alleged constitutional deprivation. See Spavone v. N.Y. State Dep't of Corr. Serv., 719 F.3d 127, 135 (2d Cir. 2013) (citing Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)). An individual defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their

---

[2] Plaintiff appears to allege that District Attorney Vance and the Assistant District Attorneys conspired with others to violate his federally protected rights. See Dkt. No. 2 at 7, 26. These allegations are vague and unsupported and, therefore, fail to state a claim of conspiracy under 42 U.S.C. § 1983 or 42 U.S.C. § 1985(3). See 28 U.S.C. § 1915(e)(2)(B)(ii); Wang v. Miller, 356 F. App' x 516, 517 (2d Cir. 2009) (summary order); Webb v. Goord, 340 F.3d 105, 110-11 (2d Cir. 2003).

subordinates under a theory of <u>respondeat superior</u>."). An individual may be personally involved in a Section 1983 violation where

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

<u>Colon</u>, 58 F.3d at 873.[3]

With the exception of Plaintiff's claims against Defendants Demczuk, Rosario, and the John and Jane Doe Defendants, Plaintiff has not alleged sufficient facts to show the personal involvement of the individual defendants in any violation of his federal constitutional rights. Thus, with the exception of Plaintiff's claims against Defendants Demczuk, Rosario, and the John and Jane Doe Defendants, in their individual capacities, the Court dismisses Plaintiff's remaining Section 1983 claims against the individual defendants for failure to state a claim on which relief may be granted. <u>See</u> § 1915(e)(2)(B)(ii).

## V.    SERVICE ON THE MTA, DEMCZUK, AND ROSARIO

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. <u>See</u> <u>Walker v. Schult</u>, 717 F.3d 119, 123 n.6 (2d Cir. 2013); <u>see also</u> 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal

---

[3] "Although the Supreme Court's decision in [<u>Iqbal</u>, 556 U.S. 662] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. <u>Grullon v. City of New Haven</u>, 720 F.3d 133, 139 (2d Cir. 2013).

Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on the MTA and Defendants Demczuk and Rosario until the Court reviewed the complaint and ordered that summonses be issued for those defendants. The Court therefore extends the time to serve those defendants until 90 days after the date that summonses for those defendants are issued. If the complaint is not served on those defendants within that time, Plaintiff should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is plaintiff's responsibility to request an extension of time for service); see also Murray v. Pataki, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on the MTA and Defendants Demczuk and Rosario through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 Form") for each of those defendants. The Clerk of Court is further instructed to issue summonses for those defendants, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on those defendants.

## VI.    JOHN AND JANE DOE DEFENDANTS

Under Valentin v. Dinkins, a pro se litigant is entitled to assistance from the district court in identifying an unidentified defendant and that defendant's service address. Valentin v. Dinkins, 121 F.3d 72, 76 (2d Cir. 1997). In the Complaint, Plaintiff supplies sufficient information to permit the MTA to provide the identities, badge numbers, and service addresses of the John and Jane Doe Defendants. They are those members of the MTAPD who,

on January 29, 2019, at Grand Central Terminal, along with Defendant Demczuk, arrested and searched Plaintiff, as well as detained him. It is therefore ordered that counsel for the MTA must ascertain the identities, badge numbers, and service addresses of the John and Jane Doe Defendants. Counsel for the MTA must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the newly identified defendants and listing those defendants' badge numbers and service addresses. The amended complaint will replace, not supplement, Plaintiff's original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified defendants.

Plaintiff must notify the Court if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses all of Plaintiff's claims except for those against the Metropolitan Transportation Authority, as well as those against Defendants Demczuk, Rosario, and the unidentified defendants who are members of the Metropolitan Transportation Authority's Police Department, in their individual capacities.

The Court also directs the Clerk of Court to issue summonses for the Metropolitan Transportation Authority and Defendants Demczuk and Rosario; complete USM-285 Forms with the service addresses for those defendants; and deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

The Court further directs the Clerk of Court to mail a copy of this order and the complaint to the Metropolitan Transportation Authority at 2 Broadway, New York, New York 10004.

An amended complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated:   March 9, 2020
         New York, New York

SO ORDERED.

_____
        PAUL G. GARDEPHE
     United States District Judge

10

## DEFENDANTS AND SERVICE ADDRESSES

1.  Metropolitan Transportation Authority
    2 Broadway
    New York, New York 10004

2.  Daniel Demczuk, Police Officer
    Metropolitan Transportation Authority
    Grand Central Terminal Precinct
    89 East 42nd Street
    New York, New York 10017

3.  Analisa Rosario, Detective
    also known as Analisa Franca James-Rosario
    Metropolitan Transportation Authority
    Grand Central Terminal Precinct
    89 East 42nd Street
    New York, New York 10017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

### A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.  If you checked Diversity of Citizenship

#### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                  (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name             Middle Initial      Last Name

_____

Street Address

_____

County, City                    State          Zip Code

_____

Telephone Number           Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name             Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City            State         Zip Code

Defendant 2: _____

First Name             Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City            State         Zip Code

Defendant 3: _____

First Name             Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City            State         Zip Code

Defendant 4: _____

First Name          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City         State         Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.