UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZEV YOURMAN,

                Plaintiff

- against -

METROPOLITAN TRANSPORTATION
AUTHORITY, et al.,

                Defendants.

**ORDER**

20 Civ. 779 (PGG) (DCF)

PAUL G. GARDEPHE, U.S.D.J.:

        Pro se Plaintiff Zev Yourman filed this Section 1983 action on January 28, 2020. (Cmplt. (Dkt. No. 2))  On March 10, 2020, this case was referred to Magistrate Judge Debra C. Freeman for general pretrial supervision.  (Dkt. No. 7)  On February 10, 2021 Judge Freeman issued a Report and Recommendation ("R&R") in which she recommends that this case be dismissed without prejudice for failure to prosecute.  (See R&R (Dkt. No. 21))

        For the reasons discussed below, the R&R will be adopted in its entirety, and this action will be dismissed without prejudice.

## BACKGROUND

        Plaintiff's claims arise out of his arrest at Grand Central Terminal by Metropolitan Transit Authority Police Department ("MTAPD") officers on January 29, 2019. (Cmplt. (Dkt. No. 2) at 5)  The Complaint names as defendants the Metropolitan Transportation Authority ("MTA"); former Governor Andrew Cuomo; certain MTA officials, including identified and unidentified members of the MTAPD; the New York County District Attorney's Office; the New York County District Attorney; multiple New York County Assistant District Attorneys; and certain federal agencies, including the United States Department of

1

Transportation, the "Federal Rail Administration," the Federal Transit Administration, and "Federal Agencies Doe 1-30." (Id. at 1)

In a March 9, 2020 order, this Court dismissed Plaintiff's claims against all Defendants other than the MTA, Daniel Demczuk, Analisa Rosario, and the unidentified MTAPD defendants in their individual capacity. (Dkt. No. 5 at 2-7) The Order directs the MTA to "ascertain the identities, badge numbers, and service addresses of the John and Jane Doe Defendants" pursuant to Valentin v. Dinkins, 121 F.3d 72, 76 (2d Cir. 1997). (Id. at 9) It further directs that "[w]ithin thirty days of receiving this information, Plaintiff must file an amended complaint naming the newly identified defendants and listing those defendants' badge numbers and service addresses." (Id.)

As noted above, on March 10, 2020, this case was referred to Magistrate Judge Debra C. Freeman for general pretrial supervision. (Dkt. No. 7)

On May 6, 2020, the MTA submitted a letter listing the John and Jane Doe Defendants and addresses for service. (Dkt. No. 10) The MTA mailed a copy of its May 6, 2020 letter to Plaintiff on May 20, 2020. (Dkt. No. 11)[1]

Having received no amended complaint or any other communication from Plaintiff, on July 27, 2020, Judge Freeman sua sponte extended Plaintiff's time to file his amended complaint until August 14, 2020. (Dkt. No. 17)

On September 23, 2020, Defendants requested leave to file a motion to dismiss under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. (Dkt. No. 18)

---

[1] In a May 18, 2021 letter, Defendant MTA states that the Affidavit of Service of its May 6, 2020 letter bears an incorrect date of May 6, 2020, and that it mailed the letter to Plaintiff on May 20, 2020. (See May 18, 2021 Def. Ltr. (Dkt. No. 23) at 1 n.1)

2

In a January 4, 2021 order, Judge Freeman directs Plaintiff to show cause by January 22, 2021 why this action should not be dismissed for failure to prosecute. (Dkt. No. 20) Plaintiff did not respond in any fashion to Judge Freeman's order.

On February 10, 2021, Judge Freeman issued an R&R recommending that this action be dismissed without prejudice. (R&R (Dkt. No. 21)) The R&R notifies Plaintiff that any objections must be filed within fourteen days, and that a failure to file timely objections will result in a waiver of objections and preclude appellate review. (See id. at 1) Plaintiff has submitted no objections to the R&R.

On May 17, 2021, this Court received a letter from Plaintiff requesting that this action "be temporarily put on hold/stayed." (Dkt. No. 22 at 1) Plaintiff's letter is dated September 2, 2020, but the attached proof of mailing shows an April 28, 2021 receipt for certified mail, above which is written, "after 3 hand delivery attempts (refused)," and a May 3, 2021 postage stamp from the U.S. Postal Service. (Id. at 3-4) In support of his request for a temporary stay, Plaintiff states the following:

> I have been locked down under severe conditions, since the beginning of this pandemic, due to government directives and health concerns, with little contact with the outside world. . . . During this time I have had no access to my business or legal mail[,] . . . no access to a computer, and my ability to telecommunicate has been stifled. . . . This is due to the following unfortunate situation. . . . Approximately on or about late 2018 the Verizon telecommunications system was damaged in my neighborhood causing outage to many in my area. . . . Verizon was unsuccessful in restoring my service and caused damage to my apartment in the process. The New York Attorney General suggested I take legal action against Verizon. See Zev Yourman v. Verizon et al. United States District Court, Eastern District of New York. The Verizon case has stalled due to the pandemic. . . . Due to my confinement, . . . I am incapable of participating in this Court action at this time, even though my grievances against the Defendants remain.

(Id. at 1-2)

In a May 18, 2021 letter, Defendants contend that this Court should adopt Judge Freeman's R&R dismissing this case for failure to prosecute because Plaintiff's explanations for his delay are not credible. Defendants also point to a "strikingly similar series of events" in Plaintiff's case against Verizon Communications-Telecommunications Corporation ("Verizon") before Judge Cogan in the Eastern District of New York. (Def. Ltr. (Dkt. No. 23) at 2-5 (citing Yourman v. Verizon Commc'ns-Telecomms. Corp., No. 20 Civ. 336 (E.D.N.Y.)))

In his case against Verizon, Plaintiff submitted a similar letter on March 31, 2021, asking for a stay in proceedings after the action had been dismissed for failure to prosecute. (See Pltf. Ltr., Verizon, No. 20 Civ. 336 (E.D.N.Y. Mar. 31, 2021), Dkt. No. 23) Judge Cogan construed Plaintiff's letter as a motion to vacate a final judgment under Fed. R. Civ. P. 60(b). (See Order to Show Cause, Verizon, No. 20 Civ. 336 (E.D.N.Y. Apr. 2, 2021), Dkt. No. 24) Judge Cogan expressed "skepticism that plaintiff can meet . . . [the] standards" for motions to vacate under Rule 60(b), noting that (1) Plaintiff could have mailed his motion to stay much earlier; (2) Plaintiff's professed inability to check his mail was not credible; (3) Plaintiff could have used any telephone to inform Chambers of his predicament; and (4) the unusual series of dates associated with Plaintiff's letter. (Id. at 3-4) Judge Cogan nonetheless gave Plaintiff an opportunity to "explain why he couldn't let the Court know of his inability to proceed with the case for more than 14 months[,]" and ordered Plaintiff to show cause by April 20, 2021 why his request for relief should not be denied. (Id.) Plaintiff did not respond to the court's order, and Judge Cogan denied Plaintiff's motion to vacate on May 31, 2021.

4

The circumstances here are essentially the same. Plaintiff has offered no credible explanation for why he could not communication with this Court until May 2021, nearly nine months after the deadline to file an amended complaint. While the COVID-19 pandemic has caused some delays in communication, a delay of this extent cannot be attributed to the pandemic. Moreover, even if Plaintiff has not had access to internet and/or telephone service in his apartment since the 2018 Verizon "outage" he describes in his letter, Plaintiff does not adequately explain why he was unable to contact the Court by mailing a letter or using a working telephone or computer in another location before May 2021. Accordingly, Plaintiff's request for a temporary stay will be denied.[2]

## DISCUSSION

In reviewing a magistrate judge's R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where, as here, no timely objections are filed to a magistrate judge's R&R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's [R&R] operates as a waiver of further judicial review of the magistrate's decision."); see also Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to

---

[2] To the extent Plaintiff's letter could be construed as an objection to Judge Freeman's R&R, his objection has been waived because it was submitted more than two months late. Even if it were timely, Plaintiff provides no credible reason why he was unable to submit an amended complaint, respond to Judge Freeman's order to show cause, or otherwise communicate with this Court before May 2021.

5

timely object to a report generally waives any further judicial review of the findings contained in the report."). This Court has nonetheless reviewed the R&R for clear error and, as explained below, finds no error in Judge Freeman's recommendation. See Austin v. Lynch, No. 10-CV-7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (when no objections are filed to a magistrate judge's R&R, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." (citing Fed. R. Civ. P. 72(b) advisory committee note)).

Before dismissing a case for failure to prosecute under Federal Rule of Civil Procedure 41(b), courts consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether . . . a sanction less drastic than dismissal [would be effective].

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (internal quotation marks and citation omitted). "No single factor is . . . dispositive." Id.; see also Harding v. Goord, 135 F. App'x 488, 488-89 (2d Cir. 2005) (affirming dismissal where pro se plaintiff repeatedly refused to comply with discovery demands and court orders); Brown v. Pulgarin, No. 17-CV-1677 (VSB) (KHP), 2018 WL 5723120, at *2 (S.D.N.Y. Nov. 1, 2018) (adopting R&R recommending dismissal where pro se plaintiff had not complied with court-ordered deadlines).

As to the first factor, Plaintiff's failure to prosecute spans more than a year. Between filing the Complaint on January 28, 2020 and mailing his request for a stay in or about May 2021, Plaintiff took no action in the case. Moreover, more than a year has passed since the deadline to file an amended complaint. Thus, the first factor supports dismissal. See Salem v. City of New York, 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) ("A

delay of eight months to one year in prosecuting a case 'falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss.'") (quoting Peters-Turnball v. Bd. of Educ. of N.Y.C., No. 96 Civ. 4914, 1999 WL 959375, at *2, *3 (S.D.N.Y. Oct. 20, 1999)); Avila v. Comm'r of Soc. Sec., 15-cv-2456, 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016) (dismissing for failure to prosecute where seven months had elapsed).

As to the second factor, Plaintiff received adequate notice that his failure to prosecute this action might result in dismissal of his claims. Defendants' September 23, 2020 letter seeking leave to file a motion to dismiss Plaintiff's claims under Rule 41(b) for failure to prosecute put Plaintiff on notice that his delays could result in dismissal. (Dkt. No. 18) Moreover, Judge Freeman warned Plaintiff that she would recommend dismissal of this action if he did not show cause by January 22, 2021 why his claims should not be dismissed. (Dkt. No. 20) Therefore, this factor also favors dismissal.

As to the third factor, "[t]he Court can presume that the defendants have been prejudiced and will continue to be by further delay whereas here the plaintiff has already been unresponsive for a long period of time." Beauford v. Doe #1, No. 04 Civ. 7533 JGK, 2007 WL 549432, at *1 (S.D.N.Y. Feb. 16, 2017).

As to the fourth factor – Plaintiff's right to due process – Plaintiff was warned that his continued failure to prosecute his case would result in the dismissal of his claims. (Dkt. No. 20)

As to the fifth factor, dismissal is the appropriate sanction. "The Court has no reason to suspect that Plaintiff would be responsive if lesser sanctions or court orders were imposed. Given that Plaintiff has . . . failed to respond to orders of this Court, lesser sanctions would be useless." Ctr. for Monitoring Impact of Peace, Inc. v. Ctr. for Monitoring Impact of

7

Peace, R.A., No. 06 CIV 2390 LAP, 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010) (citing Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("[R]epeated violation of orders of this Court leads to the inexorable conclusion that no sanction short of dismissal would effectively address [plaintiff's] conduct.")); Smith v. Human Res. Admin., No. 91 Civ. 2295, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate ... [because c]ourt orders and direction have not prompted plaintiff to move her case forward.").

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for a stay is denied, and Judge Freeman's R&R is adopted in its entirety. Plaintiff's remaining claims are dismissed without prejudice for failure to prosecute. The Clerk of Court is respectfully directed to mail a copy of this Order to pro se Plaintiff Zev Yourman 1274 49th St., #525, Brooklyn, NY, 11219, and to close this case.

Dated: New York, New York
September 2, 2021

SO ORDERED.

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge

8